United States District Court
For the Northern District of California

1

2

3

4

5

6                              IN THE UNITED STATES DISTRICT COURT

7                              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   STEPHEN DWAYNE LESTER,                    No. C 10-5365 WHA (PR)

11                  Plaintiff,                 **ORDER OF SERVICE**

12     v.

13   DEPUTY NUE, DEPUTY TILTON,
     SAN FRANCISCO COUNTY JAIL
14   MEDICAL DEPARTMENT, DOES 1-
     1000,
15
                   Defendants.
16   _____/

17

18                                  **INTRODUCTION**

19          Plaintiff, a county jail inmate who is proceeding pro se, filed a civil rights complaint

20   under 42 U.S.C. 1983 against the Deputy Nue and Deputy Tilton of the San Francisco County

     Jail, as well as against the San Francisco County Jail's Medical Department.  The complaint
21
     was dismissed with leave to amend, and an amended complaint has been filed.
22
                                    **ANALYSIS**
23
     A.    **STANDARD OF REVIEW**
24
            Federal courts must engage in a preliminary screening of cases in which prisoners seek
25
     redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
26
     § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
27
     which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
28
     monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only" give the "defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

When liberally construed, Plaintiff's allegations that defendant Deputy Nue used excessive force against him while he was not resisting state a cognizable claim for relief.

Plaintiff also names Deputy Tilton as a defendant, but he alleges no conduct by Tilton, let alone any conduct that proximately caused a violation of plaintiff's civil rights. Liability may be imposed on an individual defendant under 42 U.S.C. 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As plaintiff does not allege that Tilton did anything to him, the claims against Tilton will be

2

1    dismissed.

2         Plaintiff also names the San Francisco County Jail, specifically its medical department,

3    as a defendant, but also alleges no conduct by the jail's medical department or its employees.

4    Moreover, a municipal entity such as the jail is not liable for the conduct of its employees

5    simply by virtue of the fact that is the employer.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th

6    Cir. 1989) (under no circumstances is there respondeat superior liability under Section 1983);

7    *accord Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (municipal entity is not liable

8    under Section 1983 on a respondeat superior theory).  Consequently, plaintiff has failed to state

9    a cognizable claim against the jail, and the claims against it will be dismissed.

10                                    **CONCLUSION**

11        1.  The claims against defendants Tilton and the San Francisco County Jail's Medical

12   Department are **DISMISSED**.

13        2.  The clerk shall issue summons and the United States Marshal shall serve, without

14   prepayment of fees, a copy of the underlined amended complaint in this matter and copies of this order

15   upon defendant **Deputy Nue**, at the **San Francisco County Jail**.  A courtesy copy of the

16   complaint and this order shall also be mailed to the City Attorney of the City of San Francisco.

17        3.  In order to expedite the resolution of this case, the court orders as follows:

18             a.  No later than ninety days from the date this order is filed, defendants shall file

19   a motion for summary judgment or other dispositive motion.  If defendants are of the opinion

20   that this case cannot be resolved by summary judgment, they shall so inform the court prior to

21   the date the summary judgment motion is due.  All papers filed with the court shall be promptly

22   served on the plaintiff.

23             b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

24   court and served upon defendants no later than thirty days from the date of service of the

25   motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

26   provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

27   and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

28             If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1    exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

2    should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

3    which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),

4    *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

5              c.  Defendants **shall** file a reply brief no later than fifteen days after the date of

6    service of the opposition.

7              d.  The motion shall be deemed submitted as of the date the reply brief is due.

8    No hearing will be held on the motion unless the court so orders at a later date.

9         4.  All communications by the plaintiff with the court must be served on defendant, or

10   defendant's counsel once counsel has been designated, by mailing a true copy of the document

11   to defendant or defendant's counsel.

12        5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

13   No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

14   required before the parties may conduct discovery.

15        6.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

16   informed of any change of address and must comply with the court's orders in a timely fashion.

17   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

18   Federal Rule of Civil Procedure 41(b).

19        **IT IS SO ORDERED.**

20
     Dated: February  10  , 2011.
21                                              _____
                                                WILLIAM ALSUP
22                                              UNITED STATES DISTRICT JUDGE

23

24

25

26
     G:\PRO-SE\WHA\CR.10\LESTER5365.SRV.wpd
27

28

4

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE -- WARNING

## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING

## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.