IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DWAYNE LESTER,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPUTY NUE, DEPUTY TILTON, SAN FRANCISCO COUNTY JAIL MEDICAL DEPARTMENT, DOES 1-1000,<br><br>    Defendants. / | No. C 10-5365 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO "STRIKE" DEFENSE COUNSEL**<br><br><br><br><br><br>(Docket Nos. 66, 70) |

## INTRODUCTION

Plaintiff filed this pro se civil rights action under 42 U.S.C. 1983. He was in jail when he filed this action, but he no longer is in custody. His claims against all defendants except San Francisco Sheriff's Deputy Nue were dismissed. Nue's initial motion to dismiss the complaint on exhaustion grounds was denied. Nue has filed another motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) because plaintiff has failed to undergo a deposition on several occasions despite being both properly noticed and ordered to do so by the court. Plaintiff did not file an opposition to this motion to dismiss within the time frame allowed. Several weeks after the deadline, he filed a voluminous set of papers (dkt. 69, 70, 71). In these papers, plaintiff argues that the case should not be dismissed and moves to "strike" defense counsel from this case. These documents have been reviewed and considered, and are addressed below. For the reasons discussed below, the motion to dismiss is **GRANTED**, and plaintiff's motion to "strike" defense counsel is **DENIED**.

## BACKGROUND

The following factual background surrounding defendant's efforts to take plaintiff's deposition is not in dispute. The parties agreed by telephone that the deposition would take

1 place at the San Francisco City Attorney's Office on May 17, 2012. Defendant then served
2 plaintiff with a deposition notice, but plaintiff failed to appear at the deposition and did not
3 notify defendant. Defendant paid the $225 reporter fee.

4 Defendant re-noticed the deposition for May 31, 2012 at the same location. Plaintiff
5 called defense counsel on May 23, 2012, and initially agreed to attend the deposition. After
6 further discussion, however, he refused to participate in the deposition on the grounds that he
7 needed to conduct further discovery. Defendant followed that conversation with a letter and
8 phone call to which plaintiff did not respond.

9 On June 15, 2012, defendant filed a motion to compel plaintiff's deposition and
10 requesting sanctions (dkt. 51). On June 28, 2012, the request for sanctions was denied due to
11 plaintiff's pauper status, but plaintiff was ordered to participate in his deposition within 21 days
12 (dkt. 55). Plaintiff was cautioned that his failure to do so "would result in the dismissal of this
13 action for failure to prosecute, the payment of monetary sanctions, or both. *See* Fed. R. Civ. P.
14 30, 37, 41."

15 On the day of the order, June 28, 2012, defendant noticed the deposition for a third time,
16 for July 19, 2012, at the City Attorney's Office. In the meantime, however, plaintiff was
17 arrested and returned to the San Francisco County Jail again. As a result, he did not appear at
18 the deposition. Defendant served plaintiff a fourth notice for a deposition, this time to be held
19 at the County Jail on August 30, 2012. Two days before the scheduled deposition, however, on
20 August 28, 2012, plaintiff filed a motion to postpone the deposition on the grounds that he did
21 not have the documents listed in the deposition subpoena and he needed to conduct more
22 discovery. He did not file a proof of service that the motion was served upon defendant.

23 On August 30, 2012, defense counsel went to the County Jail with a court reporter to
24 take plaintiff's deposition. Plaintiff was brought into the interview room and told defense
25 counsel that he would not participate in the deposition because he did not have the documents
26 listed in the deposition subpoena and he wanted to conduct additional discovery. Defense
27 counsel explained that documents listed in the subpoena were not necessary for the deposition
28 and that defendant was willing to proceed with the deposition without them. He also stated that

2

plaintiff could not avoid the deposition simply because he wanted more discovery. Plaintiff acknowledged that he had read the order from June 28, 2012, requiring him to participate in his deposition and that the case would be dismissed if he did not. Nevertheless, he continued to refuse to participate in the deposition.

On September 5, 2012, plaintiff's motion to postpone the deposition was denied. First, it was noted that plaintiff had filed it only two days before the scheduled deposition and had not included proof that he had served the motion on defendant as he had been ordered to do. Furthermore, the order explained that plaintiff had been ordered to do his deposition, had already caused the deposition to be delayed on several occasions, and had not shown cause for needing the deposition to be postponed any further.

Thereafter, defendant filed the instant motion to dismiss.

## ANALYSIS

As noted above, plaintiff was ordered to participate in his deposition, and warned that if he did not, this case would be dismissed. A district court may dismiss an action for failure to prosecute, for failure to comply with a court order, or for failure comply with the Federal Rules of Civil Procedure. Fed R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). Such a dismissal should be only when the failure to comply is unreasonable. *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). A court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). The court should also afford the litigant prior notice of its intention to dismiss, as has been done in this case. *Id.* at 133. While a dismissal for failure to prosecute is generally with prejudice, a district court may also opt for the less drastic remedy of dismissal without prejudice. *See* Fed. R. Civ. P. 41(b); *Lyell Theatre Corp. v. Loew's Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982).

The first two factors weigh strongly in favor of dismissal. Plaintiff has failed or refused to participate in a deposition four times, only one of which had a reasonable explanation (the

3

1   third occasion, when plaintiff was in jail and could not get to the City Attorney's Office).
2   These actions have caused the case to be delayed since May 2012 (approximately eight
3   months), and have required at least three orders by the court. The public interest in the
4   expeditious resolution of the litigation, particularly in a case such as this involving public
5   employees, and the court's need to manage its docket would be not be served by allowing
6   plaintiff to delay the resolution of this case by avoiding his deposition.

7   The third factor also weighs strongly in favor of dismissal. Defendant was prejudiced
8   from being unable to take plaintiff's deposition. Plaintiff claims that defendant used excessive
9   force, and therefore defendant cannot move for summary judgment without discovery of
10  plaintiff's first-hand account of the circumstances surrounding the use of force and the degree
11  of force used. If defendant cannot take plaintiff's deposition, the prejudice to his ability to
12  defend this case prior to trial would therefore be very high. If this case were to continue,
13  plaintiff has demonstrated that he will not participate in his deposition even when ordered to do
14  so by the court. Defendant has already wasted expense and resources in attempting in vain to
15  take plaintiff's deposition on numerous occasions, only to have plaintiff not show up or refuse
16  to participate. It is noted that these wasted resources redound to the public because defendant is
17  a public employee whose litigation expenses are borne by taxpayers. As a result, the prejudice
18  to defendant weighs heavily in favor of dismissal.

19  The fourth factor – the availability of less drastic sanctions – also weighs in favor of
20  dismissal. Because of plaintiff's pauper status, monetary sanctions cannot effectively or easily
21  be collected. More importantly, the less drastic alternative of dismissal without prejudice is
22  available and appropriate in this case. While the fifth factor – the public policy favoring
23  dismissal of actions on their merits – weighs against only slightly against dismissal under Rule
24  41(b) in this case because the dismissal without prejudice does not preclude resolution of the
25  claims on their merits in the future. The fifth factor is far outweighed by the other factors
26  weighing strongly in favor of dismissal.

27  It is clear, moreover, that plaintiff's failure to comply with the court's order to proceed
28  with his deposition was unreasonable. When defense counsel and a court reporter arrived at his

4

1   jail on August 30, 2012, for the deposition, plaintiff indicated that he was aware of the court's
2   order requiring him to participate in his deposition and that his failure to do so would result in
3   the dismissal of the case. He still refused to proceed with the deposition, and he did not have a
4   good reason for refusing. His explanation that he did not have the subpoenaed documents was
5   of no moment because defense counsel explained that defendant was willing to proceed with the
6   deposition without those documents. Plaintiff's other reason — his desire to conduct more
7   discovery — does not excuse his obligation to follow the court order to have his deposition
8   taken. In short, plaintiff offers no reasonable explanation for failing to proceed with his
9   deposition despite the court's order to do so, and his conduct over the previous five months and
10  multiple attempts to depose him indicate that he was unreasonably avoiding and delaying his
11  deposition.

12  The papers filed by plaintiff in opposition to defendant's motion do not address his
13  failure to comply with the court's order to have his deposition taken, let alone offer a reasonable
14  justification for his conduct. He filed a letter (dkt. 69) in which he states that an attorney named
15  Shamia Anderson has breached her ethical duties after informing the court that she was
16  substituting as counsel for plaintiff. Neither Ms. Anderson nor any other attorney has filed a
17  request to substitute as counsel or to represent plaintiff in this case. To the extent plaintiff
18  believes Ms. Anderson has violated ethical or other duties imposed upon her as a licensed
19  attorney, he must raise these issues with the relevant bar association.

20  Plaintiff has also filed a motion to "strike," "sanction" and "disqualify" defense counsel
21  , Deputy City Attorney Duncan Carling (dkt. 70, 71) on the grounds that Mr. Carling previously
22  worked for the San Francisco District Attorney's Office. Plaintiff has once again failed to
23  submit proof that he served this motion upon defendant, despite being instructed on multiple
24  occasions that he must do so. On this basis alone, the motion cannot be granted. Furthermore,
25  plaintiff has set forth no misconduct by Mr. Carling or any valid reason to not allow him to act
26  as defense counsel in this case. The motion is based on a California court rule prohibiting
27  someone who has participated in a "complaint proceeding" from later acting as an adjudicator
28  in the same matter. *See* Cal. R. Ct. 3.872. Mr. Carling is not acting as an adjudicator in this

case, and in any event rules of state court do not apply here. Neither this motion nor the other papers filed by plaintiff in opposition to the motion to dismiss show why the complaint should not be dismissed under Rule 41(b).

**CONCLUSION**

Defendants' motion to dismiss (dkt. 66) is **GRANTED**. Plaintiff's motion to "strike" defense counsel is **DENIED** (dkt. 70). The case is **DISMISSED** without prejudice to plaintiff's refiling his claims in a new action in which he participates in any deposition that is properly noticed by defendants at a reasonable time and location.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January  14 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\LESTER5365.MTD41b.wpd

6